UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXIS JOSE VALERIANO,<br><br>              Petitioner,<br><br>    v.<br><br>LUIS SOTO, et al.,<br><br>              Respondents. | Civil Action No. 25-16100 (MAS)<br><br>**ORDER** |

    This matter comes before the Court on Petitioner Alexis Jose Valeriano's habeas petition challenging his ongoing immigration detention. (ECF No. 1.) As Petitioner has paid the applicable filing fee and as this Court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), and determined that the dismissal of the petition prior to the filing of an answer is not warranted in this matter, the Government shall be directed to file an answer to the petition.

    Petitioner additionally filed a motion (ECF No. 2) requesting the entry of a temporary restraining order or preliminary injunction enjoining Petitioner's transfer out of the district during the pendency of this matter and ordering his release pending the conclusion of these proceedings. Preliminary injunctive relief is "an extraordinary remedy" which "should be granted only in limited circumstances" to maintain the status quo – the "last, peaceable, noncontested status of the parties." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal quotations omitted). A party can establish an entitlement to preliminary injunctive relief by demonstrating a likelihood of success on the merits, that the petitioner will suffer irreparable harm if the injunction is denied, that granting preliminary relief will not result in even greater harm to the nonmoving party, and that the public interest favors such relief. *Id.*

Here Petitioner seeks an injunction against his transfer out of the district during the pendency of this habeas matter and his release from immigration detention. Turning first to the issue of transfer, a transfer of Petitioner to a different detention facility would not interfere with this Court's jurisdiction to decide Petitioner's habeas petition or grant Petitioner relief in the event that he shows an entitlement to relief once the briefing in this matter has concluded. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 440-41 (2004); *see also Chavez-Rivas v. Olsen*, 194 F. Supp. 2d 368, 376 (D.N.J. 2002). Petitioner has not identified any particular reason to believe that a transfer is imminent or that a transfer would inhibit his ability to litigate his case or pursue the relief requested in his habeas petition. In addition, Petitioner's claim for relief is not dependent on his place of current confinement. Petitioner thus has not shown an entitlement to an injunction regarding his transfer at this time, and that request is denied without prejudice. In the interests of justice, and as Petitioner may be able to make a greater showing should an actual likelihood of transfer present itself, however, the Court will direct the Government to provide this Court and Petitioner's counsel notice of any transfer at least twenty-four hours before it occurs.

Petitioner's request for injunctive relief also seeks his outright release from custody. That requested relief, however, is actually *greater* than the relief Petitioner seeks in his habeas petition. As Petitioner acknowledges, even under his reading of the relevant immigration statutes, he is still subject to detention under 8 U.S.C. § 1226(a), albeit with an entitlement to seek bond from an immigration judge. Should Petitioner prevail in this matter, the proper relief would constitute an order directing the Government to provide Petitioner with the bond hearing to which he contends he is entitled under § 1226(a). As Petitioner has at best shown a likelihood of an entitlement to a *bond hearing* before an immigration judge, *see, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 966 F.3d 274, 278-79 (3d Cir. 2018), he has not at this point demonstrated an entitlement to outright release. Petitioner's request for such an order is therefore denied without prejudice.

The Court will consider the arguments made in Petitioner's TRO motion, however, in reaching its ultimate decision in this matter.

**IT IS THEREFORE** on this 1st day of October, 2025, **ORDERED** that:

1. Respondents Lyons and Noem are dismissed with prejudice from this matter as the sole proper respondent in a petition brought under 28 U.S.C. § 2241 is the warden of the facility where the detainee is currently being held, in this case remaining Respondent Soto, *see Padilla*, 542 U.S. at 436; *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994);

2. Respondent Bondi is dismissed without prejudice as she is an improper respondent unless and until Petitioner is transferred beyond this Court's jurisdiction, *Padilla*, 542 U.S. at 436;

3. The Clerk of the Court shall serve copies of the Petition (ECF No. 1), and this Order, upon Respondent Soto by regular mail, with all costs of service advanced by the United States;

4. The Clerk of the Court shall forward a copy of the Petition, and this Order, to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov;

5. Within 21 days after the date of entry of this Order, Respondent shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition paragraph by paragraph;

6. The answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243;

7. Respondent shall raise by way of the answer any appropriate defenses which Respondent wishes to have the Court consider, including, but not limited to, exhaustion

of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority;

8. Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims;

9. All exhibits to the Answer must be identified by a descriptive name in the electronic filing entry;

10. Petitioner may file and serve a reply in support of the Petition within 14 days after the answer is filed;

11. Within 7 days after any change in Petitioner's custody or immigration status, be it release, a final order of removal, or otherwise, Respondent shall electronically file a written notice of the same with the Clerk of the Court;

12. Petitioner's motion seeking a temporary restraining order (ECF No. 2) is **DENIED WITHOUT PREJUDICE**;

13. The Government shall present the Court and counsel for Petitioner with notice of any intent to transfer Petitioner to a different facility at least twenty-four hours before such transfer shall take place; and

14. The Clerk of the Court shall serve a copy of this Order upon Petitioner electronically.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE