**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXIS JOSE VALERIANO, | |
| Petitioner, | Civil Action No. 25-16100 (MAS) |
| v. | OPINION |
| LUIS SOTO, et al., | |
| Respondents. | |

**SHIPP, District Judge**

This matter comes before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1) and second motion seeking a temporary restraining order (ECF No. 9). The Government filed opposition to the petition and motion (ECF Nos. 6, 12), to which Petitioner replied (ECF Nos. 7, 13). For the following reasons, Petitioner's habeas petition shall be granted in part, and Petitioner's motion seeking a temporary restraining order shall be denied.

**I.    BACKGROUND**

Petitioner is a native and citizen of Honduras who entered the United States illegally in 2001 as a minor. (ECF no. 1 at 4.) In 2012, Petitioner applied for and was granted deferred action on his immigration status. (ECF No. 6-3 at 3.) Petitioner thereafter sought and was granted further deferred action status through 2024. (*Id.*) On July 16, 2025, however, Petitioner was arrested by Newark Police on charges of burglary, criminal mischief, and possession of burglary tools. (*Id.* at 4.) These charges were apparently dismissed in late August. (*See* ECF No. 1-2.)

Following this arrest, on July 17, 2025, ICE issued a warrant for Petitioner's arrest and took Petitioner into custody. (ECF No. 1 at 5.) Petitioner requested a bond hearing as he had initially been detained under 8 U.S.C. § 1226(a). Following the bond hearing, however, the immigration judge denied Petitioner's request for release on bond, finding that Petitioner had failed to show that he was not a danger to the community in light of his recent criminal charges, and that Petitioner was in any event no longer entitled to bond as he was now subject to detention under 8 U.S.C. § 1225(b)(2) in light of the Board of Immigration Appeals' decision in *Matter of Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (ECF No. 1-5.) Petitioner thereafter sought a bond redetermination considering the dismissal of his criminal charges. The immigration judge denied that request on October 3, 2025, again finding Petitioner subject to mandatory detention under § 1225(b)(2) and finding that Petitioner had not provided sufficient evidence to warrant reconsideration of the conclusion that Petitioner had failed to show he was not a danger to the community. (ECF No. 6-6 at 2; ECF No. 6-7.) The immigration judge's decision as to dangerousness apparently rested on the judge's finding that Petitioner had failed to provide sufficient documentation as to the dismissal of his criminal charges, which Petitioner now disputes. (ECF No. 6-7.)

On October 7, 2025, the immigration judge issued a decision ordering Petitioner removed to Honduras. (ECF No. 6-8 at 4.) On November 5, 2025, however, Petitioner filed an appeal of that Order with the Board of Immigration Appeals, which remains pending at this time. (ECF No. 8-1.) Petitioner is thus not currently subject to an administratively final order of removal.

II.     **LEGAL STANDARD**

A federal court has jurisdiction over a habeas petition and habeas relief may be extended to a petitioner only if the petitioner is "in custody" and the custody is allegedly "in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

### III. **DISCUSSION**

In this matter, Petitioner challenges his ongoing detention pursuant to 8 U.S.C. § 1225(b)(2). As this Court held in *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447 (D.N.J. Nov. 21, 2025), however, section 1225(b)(2) does not apply to those aliens who are apprehended within the territorial United States after entering the country without admission or inspection and remaining within the country for an extended period of time. *Id.*; *see also Bethancourt Soto v. Soto*, --- F. Supp. 3d ---, ---, 2025 WL 2976572, at *6-7 (D.N.J. Oct. 22, 2025) (so ruling and collecting cases). Petitioner is therefore not subject to detention under § 1225(b)(2), and is instead subject to detention under 8 U.S.C. § 1226(a).

Under section 1226(a), an alien is generally entitled to seek release on bond by showing by a preponderance of the evidence that he is neither a danger to the community nor a flight risk. *See, e.g.*, *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Where an immigration judge makes a ruling as to granting or denying bond under § 1226(a), however, the Court has no jurisdiction to second guess or reconsider the immigration judge's decision. *See* 8 U.S.C. § 1226(e). Under such circumstances, a petitioner has two options – file a bond appeal with the Board of Immigration Appeals or file a request for a bond redetermination. *Borbot*, 906 F.3d at 278-79, 280 n.6. Because Petitioner is currently only subject to detention under 8 U.S.C. § 1226(a), he would ordinarily be entitled to a bond hearing had he not already received an individualized determination as to whether he could establish that he was not a flight risk or danger to the community.

In this matter, however, a bond hearing was held and the immigration judge explicitly found that Petitioner had failed to establish that he was not a danger to the community in light of

his recent criminal charges and thus was not entitled to release on bond under § 1226(a). Although Petitioner takes a different view of the record from the immigration judge and asserts that this finding is incorrect, the Court has no jurisdiction to overrule or second guess the immigration judge's findings. *See* 8 U.S.C. § 1226(e) ("[n]o court may set aside any action or decision . . . regarding . . . the denial of bond"). Likewise, a bond hearing at which the immigration judge applies the appropriate standard under § 1226(a) does not violate Due Process merely because the immigration judge also considered the BIA's interpretation of § 1225(b) in *Hurtado* in the alternative. *See Chiquito Barzola v. Warden, Delaney Hall Detention Facility*, No. 25-17326, 2025 WL 3443487, at * 2-3 (D.N.J. Dec. 1, 2025). Although the Court cannot set aside that bond determination and require that Petitioner receive a new bond hearing, the Court can and does find that Petitioner is subject to detention only under § 1226(a) and is therefore entitled to seek and receive a bond redetermination if he so chooses at which the immigration judge may not deny bond on the basis of *Hurtado* and the BIA's interpretation of § 1225(b)(2). Petitioner's motion seeking a temporary restraining order shall be denied in light of the disposition of his habeas petition.

### IV.   CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **GRANTED IN PART**; the Court finds that Petitioner is only subject to detention under 8 U.S.C. § 1226(a) and may not be denied a bond redetermination solely on the basis of the BIA's interpretation of § 1225(b)(2). Petitioner's motion seeking a temporary restraining order (ECF No. 9) is **DENIED** in light of the disposition of his habeas petition. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE